(June 11, 1919.)

STATE OF IDAHO on the Relation of ROY L. BLACK, Attorney General, Plaintiff, v. JOHN W. EAGLESON, Treasurer of the State of Idaho, Defendant.

[181 Pac. 934.]

CONSTITUTIONAL LAW—PUBLIC DEBTS—TREASURY NOTES.

> The issuance and sale of treasury notes, in conformity to Sess. Laws 1919, chap. 94, does not incur an indebtedness within the meaning of art. 8, sec. 1, of the constitution of Idaho.

Original application for writ of mandate. Alternative writ issued and demurrer to answer *sustained.*

Roy L. Black, Attorney General, Dean Driscoll and Alfred F. Stone, Assistants, for Plaintiff.

The indebtedness contemplated in art. 8, sec. 1, of the constitution is indebtedness or liabilities in excess of the revenue provided for the fiscal year or previously provided, as distinguished from obligations to pay money from taxes already levied or in process of collection. (36 Cyc. 884; *Stein v. Morrison,* 9 Ida. 426, 75 Pac. 246; *State v. Medbery,* 7 Ohio St. 522; *Feil v. City of Coeur d'Alene,* 23 Ida. 32, 129 Pac. 643, 43 L. R. A., N. S., 1095; *State v. McCauley,* 15 Cal. 429; *People v. Pacheco,* 27 Cal. 175; *State ex rel. Ash v. Parkinson,* 5 Nev. 15; *In re State Warrants,* 6 S. D. 518, 55 Am. St. 852, 62 N. W. 101; *In re Incurring of State Debts,* 19 R. I. 610, 37 Atl. 14; *Rhea v. Newman,* 153 Ky. 604, 156 S. W. 154, 44 L. R. A., N. S., 989; *Rowley v. Clarke,* 162 Iowa, 732, 144

N. W. 908; *Re Opinion of the Judges,* 38 S. D. 635, 162 N. W.
536; *Bryan v. Menefee,* 21 Okl. 1, 95 Pac. 471.)

The words "debt" and "liability," as used in art. 8, sec. 1,
of the constitution do not include the ordinary expenses of
state government. (*Rhea v. Newman,* 153 Ky. 604, 156 S. W.
154, 44 L. R. A., N. S., 989; *State v. Donahey,* 93 Ohio St.
414, 113 N. E. 263; *State ex rel. Ash v. Parkinson,* 5 Nev.
15-27.)

Frank Martin and I. N. Sullivan, for Defendant.

In *People ex rel. v. Johnson,* 6 Cal. 499, the court holds
that article 8 of the provisions of the California constitution,
which is similar to the provisions of sec. 8 of the Idaho con-
stitution, except as to the amount of the indebtedness, ex-
pressly prohibits the legislature from creating a debt in any
way which in the aggregate, with previous debts and liabil-
ities of the state, exceeds the sum of $300,000, except for cer-
tain purposes mentioned therein. To the same effect is
*Nougues v. Douglass,* 7 Cal. 65.

Those two cases were decided in 1856 and 1857. It appears
that the supreme court of California in the decision of those
cases held that the current expenses of the state were included
in the "debts and liabilities" referred to in said article 8.

MORGAN, C. J.—Relator states in his application for a
writ of mandate that he is attorney general and the defend-
ant is treasurer of the state of Idaho; that the state board of
examiners, on April 30, 1919, by resolution regularly adopted,
ordered and directed the issuance and sale of treasury notes
of the par value of one million two hundred and fifty thou-
sand dollars, as authorized by Sess. Laws 1919, chap. 94,
p. 346; that there is outstanding in taxes levied for 1919, for
general state purposes, payable into the general fund of the
state treasury, in 1920, the sum of two million dollars in addi-
tion to the revenue accruing thereto from sources other than
taxation; that there are no treasury notes of the character
mentioned in said chap. 94, for 1919, issued or outstanding

and that the defendant has failed and refused, and still fails and refuses, to perform the duties devolving upon him as treasurer in making sale of said notes.

Sec. 1 of chap. 94, above cited, is as follows: ''That for the purpose of anticipating the revenue to accrue in the general fund of the State of Idaho from taxes levied for the current biennium and thereby advancing the time of payment of the outstanding claims and charges against the said general fund, together with accruing charges, claims and appropriations against said fund, a loan for the use and benefit, and in the name of, the State of Idaho, in the principal sum of Three Million Dollars, lawful money of the United States of America, is hereby authorized and directed, the proceeds of which said loan shall be deposited in the treasury of the State of Idaho in the general fund therein and shall be subject to the appropriations now made or hereafter to be made from or against said general fund and to disposition in like manner as all other moneys accumulating in said fund.''

The chapter under consideration authorizes the state board of examiners to order the sale of such amounts of treasury notes as it may deem best, provided it shall not order, nor permit to be sold, during the year 1919 an amount of the total par value, plus interest to date of maturity, exceeding the total tax levy in that year for general state purposes payable into the treasury in 1920, and during 1920 it shall not order nor permit to be sold an amount exceeding, in like manner, the taxes levied in that year for general state purposes payable into the treasury in 1921. It is further provided that upon the adoption by the state board of examiners of a resolution directing the sale of notes the treasurer shall perform certain acts, in the law specified, looking to the sale thereof. The purpose of this action is to procure the performance of these acts.

The defendant answered, in effect, that if treasury notes be issued as prayed for, the indebtedness thereby created will, together with the bonded indebtedness of the state now outstanding, be in excess of the amount permitted by art. 8, sec. 1, of the constitution which, so far as it is material to this

case, provides: "The legislature shall not in any manner create any debt or debts, liability or liabilities, which shall . . . . exceed in the aggregate the sum of two million dollars. . . . . "

The answer was demurred to, on the ground that it does not state facts sufficient to constitute a defense, and the only question presented is as to whether or not the treasury notes in question will, if issued and sold, constitute an indebtedness within the meaning of that section of the constitution.

This court, in *Stein v. Morrison,* 9 Ida. 426, said, at p. 451, 75 Pac. 246, 254: "The appropriations for current expenses and the raising of revenue to meet those appropriations have been treated by the people in framing and adopting the organic law as a cash transaction." The decision of the court upon this point is summarized in the syllabus as follows:

"The public revenues may be appropriated by the legislature in anticipation of their receipt . . . . and it is not necessary to the validity of such an appropriation that funds should be in the treasury at the time to meet the same.

"Such appropriations do not constitute a debt or liability against the state within the provisions of section 1, article 8, of the constitution. . . . . " (See, also, *State v. McCauley,* 15 Cal. 429, 430; *In re Incurring of State Debts,* 19 R. I. 610, 37 Atl. 14; *State ex rel. Ash v. Parkinson,* 5 Nev. 15; *Rhea v. Newman,* 153 Ky. 604, 156 S. W. 154, 44 L. R. A., N. S., 989; *Rowley v. Clarke,* 162 Iowa, 732, 144 N. W. 908; *State v. Medbery et al.,* 7 Ohio St. 522; *State v. Donahey,* 93 Ohio St. 414, 113 N. E. 263.)

A question similar to the one before us arose in South Dakota, where the legislature had provided for the issuance and sale of state warrants, in anticipation of the payment of taxes already levied, to procure cash with which to pay the current expenses of state government. The court held that "appropriations from the assessed, but not yet collected, revenues of the state, and the issuance of warrants in pursuance and in evidence thereof, is not the incurring of an indebtedness," within the meaning of a constitutional provision of that state which, so far as this question is concerned, is the

equivalent of our art. 8, sec. 1. (*In re State Warrants*, 6 S. D. 518, 55 Am. St. 852, 62 N. W. 101. See, also, *Bryan v. Menefee*, 21 Okl. 1, 95 Pac. 471.) This is the correct rule, and it applies to treasury notes with equal force as to state warrants.

The demurrer to the answer is sustained.

Rice and Budge, JJ., concur.