(June 12, 1919.)

STATE OF IDAHO, on the Relation of W. J. HALL, Commissioner of Public Works, and ROY L. BLACK, Attorney General, Plaintiff, v. JOHN W. EAGLESON, Treasurer of the State of Idaho, Defendant.

[181 Pac. 935.]

CONSTITUTIONAL LAW—PUBLIC DEBTS—TREASURY NOTES.

1. The issuance and sale of treasury notes, in conformity to Sess. Laws 1919, chap. 95, does not incur an indebtedness within the meaning of art. 8, sec. 1, of the constitution of Idaho.

2. The court will take judicial notice of the contents of the journals of the Houses of the legislature.

Original application for writ of mandate. Alternative writ issued and demurrer to answer sustained.

Roy L. Black, Attorney General, and Dean Driscoll, Assistant, for Plaintiff.

Frank Martin and I. N. Sullivan, for Defendant.

MORGAN, C. J.—This is an original application for a writ of mandate commanding the defendant to perform certain duties devolving upon him as state treasurer pursuant to the provisions of Sess. Laws 1919, chap. 95, p. 353. That chapter

provides for the issuance and sale of treasury notes in anticipation of revenues to be raised by taxes already levied for the years 1919 and 1920 for the benefit of the state highway fund. It is similar to chapter 94, of the same Session Laws, enacted for the purpose of anticipating revenue to accrue in the general fund, which last-mentioned chapter was under consideration in case of *State of Idaho on Relation of Roy L. Black, Attorney General, v. John W. Eagleson, Treasurer, ante,* p. 276, 181 Pac. 934.

In this case, as in that, the defendant answered, in effect, that if treasury notes be issued as prayed for, the indebtedness thereby created will, together with the bonded indebtedness of the state now outstanding, be in excess of the amount permitted by art. 8, sec. 1, of the constitution. The answer was demurred to on the ground that it does not state facts sufficient to constitute a defense. On authority of the case above cited the defendant's contention in this case will be resolved against him, the court holding that the issuance of treasury notes, in conformity to Sess. Laws 1919, chap. 95, does not incur an indebtedness within the meaning of art. 8, sec. 1, of the constitution of Idaho.

It is further alleged in the answer that chap. 95 of the Sess. Laws 1919, is not a law of the state of Idaho, for the reason that it was not read on three several days in the House of Representatives, and that the provisions of art. 3, sec. 15, of the constitution were not dispensed with. That section provides: "No law shall be passed except by bill . . . . nor shall any bill become a law unless the same shall have been read on three several days, in each house, previous to the final vote thereon.

"Provided, in case of urgency, two-thirds of the house where such bill may be pending, may, upon vote of the yeas and nays, dispense with this provision. . . . . "

It appears from the answer that the matter relied upon by defendant as a failure to conform to the provisions of the constitution consists of a record appearing in the House journal of the fifteenth legislative session, which shows that upon a yea and nay vote the following motion, made by one of the

members, unanimously carried: "I move that all rules of the House interfering with the immediate passage of House Bill No. 283 be suspended; that the portions of Section 15 of Article 3 of the constitution of the State of Idaho, requiring all bills to be read on three several days be dispensed with, this being a case of urgency, and that House Bill No. 286 be read the first time by title, second time by title, and the third time at length, section by section, and be put upon its final passage."

It also appears that chap. 95, in question, was designated and known in the legislature as House Bill No. 283.

It is difficult to imagine a member of the legislature intentionally moving that the rules of the House interfering with the immediate passage of a bill be suspended and another bill be put upon its final passage. It is also difficult to imagine the entire membership of the House of Representatives intentionally voting for such a motion. That the motion was made with respect to House Bill No. 283 appears from the fact that there was no House bill numbered 286 introduced in the fifteenth session of the legislature, House Bill No. 284 being the last one presented. This is shown by the House journal, and the court will take judicial notice of the contents of the journals of the houses of the legislature. (*Burkhart v. Reed,* 2 Ida. 503, 22 Pac. 1.) It is quite clear reference to House Bill No. 286 in the record of the motion is a typographical error, and that the motion was made and carried with respect to House Bill No. 283.

The demurrer to the answer is sustained.

Rice and Budge, JJ., concur.