(No. 5576.   February 4, 1931.)

BOISE STREET CAR COMPANY, a Corporation, Appellant, v. ADA COUNTY, STATE OF IDAHO, and ROY D. LEONARDSON, Assessor of Ada County, Respondents.

[296 Pac. 1019.]

Oppenheim & Lampert, for Appellant.

Fred J. Babcock, Attorney General, and Carl A. Burke, Prosecuting Attorney, for Respondents.

.LEE, C. J.—Plaintiff and appellant, Boise Street Car Company owns and operates in the city of Boise, eleven passenger carrying motor-busses, weighing from 8,300 pounds to 12,000 pounds. On January 31, 1930, appellant tendered defendant and respondent, Leonardson, assessor of defendant and respondent, Ada county, the sum of $1039.20 for registration license fees for the year 1930 upon said busses. Leonardson refused to accept such tender, demanding instead, the sum of $1832 for said fees. February 27, 1930, appellant paid the latter sum, protesting payment of $792.80, the difference between the two sums, on the ground that the

sum demanded by respondent was in excess of the fee prescribed by law. This action was brought to recover the amount paid under protest. The court sustained a general demurrer to appellant's complaint, and on its election to stand thereon, judgment of dismissal was entered, from which this appeal is taken.

The controversy hinges on the construction placed by the parties upon C. S., sec. 1592, as amended by chap. 196, Laws of 1929, which reads, in part, as follows:

"The fees for licensing all motor vehicles owned or used within this state (excepting trailers and semi-trailers) shall be as follows:

"(a) On all motor vehicles weighing two thousand pounds or less, *designed by the manufacturer thereof for the purpose of carrying passengers,* irrespective of whether the vehicle has attached thereto a box or body for the purpose of transporting merchandise, produce or other commodities, the license fee shall be $12.00 for such motor vehicles one and two years old or less: (here follows a provision for age deduction).

"On all motor vehicles weighing more than two thousand pounds, *designed by the manufacturer thereof for the purpose of carrying passengers,* the fee for such motor vehicles one and two years old or less shall be $12.00, plus $1.00 for each one hundred pounds or fraction thereof, in excess of two thousand pounds: (here follows a provision for age deduction).

"On all motor vehicles weighing five thousand pounds or more the fee for registration shall be $42.00, plus $2.00 for each one hundred pounds, or fraction thereof, in excess of five thousand pounds. Such vehicles weighing five thousand pounds or more are not to be subject to age deduction. For the purpose of this section, unless otherwise prescribed, the weight of any motor vehicle is hereby defined to be the weight of such vehicle with all equipment furnished by the manufacturer thereof; provided, that in the event of a disagreement as to the weight of any motor vehicle between the

officer fixing the license fee on such motor vehicle and the owner or user thereof, such weight shall be established by an actual weighing on public scales.

"(b) On all motor vehicles equipped to carry passengers and operated primarily for hire, not exclusively within the limits of an incorporated city or village, the fees shall be the same as those prescribed in subdivision (a) of this section, plus $5.00 for each person which the vehicle is equipped to carry according to the rated carrying capacity thereof.

"(c) On all motor trucks equipped with pneumatic tires the fee shall be 40c for each one hundred pounds of weight of the chassis according to the manufacturer's rating, plus 80c for each one hundred pounds of the manufacturer's rated carrying capacity. An additional fifty per cent of the fee prescribed herein shall be added for trucks equipped with two or more solid tires.

"(d) The fee for commercial trucks shall be the same as that provided in subdivision (c) of this section, plus fifty per cent of such fee.

"(e) On all auto stages used primarily for carrying passengers the fee shall be as prescribed in subdivision (a) of this section, plus $5.00 for each person which the vehicle is equipped to carry according to the rated carrying capacity thereof. On all auto stages used primarily for carrying property the fee shall be as prescribed in subdivisions (c) and (d) of this section, plus $30.00 per ton of rated carrying capacity; provided, that such fees shall not be subject to age deduction; provided, further, that when any auto stage regularly operated ceases permanently to be used, the license may be transferred to the vehicle replacing it, upon the payment of any additional fee legally due." (Italics ours.)

Appellant contends that paragraphs one and two of subsection (a) of this section fix the license fees for all passenger carrying motor vehicles, and that paragraph three contemplates all motor vehicles weighing over 5,000 pounds, not otherwise provided for. That its fee must be and can

be determined only in accordance with paragraph two. In other words, that the act means just what it says, and needs no construction or interpretation.

Respondent, on the other hand, contends that all three paragraphs of subsection (a) were intended by the legislature to cover passenger carrying motor vehicles, and provide progressive weight classes therefor, but that due to inadvertence, the words "and less than five thousand pounds," were omitted in the second paragraph, which words should be read into the act, and appellant's license fees determined in accordance with paragraph three.

Respondents' contention is based upon the collocation of the three paragraphs under subsection (a), and the fact that before amendment paragraphs one and two were each subsections of section 1592 and there was no provision similar to paragraph three. That, therefore, the re-arrangement of the former subsections into one subdivision of the statute, with the addition of the new paragraph, evinces a clear intention on the part of the legislature to make subsection (a) a distinct unit for one class of motor vehicles, namely, those designed by the manufacturer for the purpose of carrying passengers, and that paragraph three was intended as an amendment to the new subsection, rather than as an amendment to section 1592 as a whole. Also upon the fact that paragraph three establishes a minimum weight of 5,000 pounds, thereby negativing any idea that it was intended as a "catch-all" for vehicles not otherwise provided for.

The intention of the legislature being thus clearly manifested upon the face of the statute, respondents argue, the court should not hesitate to interpolate the words "and less than five thousand pounds," as indicated, invoking the rule that "when the intention of the legislature can be gathered from the entire statute, words may be modified, altered or supplied to give the statute the force and effect which the legislature intended."

Undoubtedly, in certain cases, the courts do have the power to read words into an act. But it is a power that

should be exercised with caution, and should be indulged only when the omission is palpable and the omitted word clearly indicated by the context. Where the omission is not plainly indicated and the statute, as written, is not incongruous or unintelligible and leads to no absurd results, the court is not justified in making an interpolation. (2 Lewis' Sutherland on Statutory Construction, sec. 382.)

The trouble with this statute is not so much that it is ambiguous, literally read, as that it fails to provide for certain types of vehicles, a pure *casus omissus,* against which the courts are powerless to grant relief.

The ambiguity of the statute is due solely to this omission, and not the omission of the suggested words in the second paragraph of subsection (a). The act can be literally read and applied with no absurd results arising therefrom, other than the lack of a provision for determining the license fee of those miscellaneous types of motor vehicles, weighing less than 5,000 pounds, that are not "designed by the manufacturer thereof for the purpose of carrying passengers," or motor-trucks, defined by the legislature as "any motor vehicle designed and/or used for the transportation of commodities, merchandise, produce, forest products, freight or animals."

This is not such an ambiguity as will justify the court in indulging in conjecture as to the legislative intention to make subsection (a) apply only to motor vehicles "designed by the manufacturer for the purpose of carrying passengers." Such intention is not clearly expressed in the act itself, and in this case we are confined to the words of the act.

In passing, it might be pertinent to suggest that were the interpolation suggested made, the result would be but to increase the number of vehicles without provision for licensing. Instead of removing an ambiguity, it would but make a bad situation worse.

From what has been said, it follows that the lower court erred in sustaining the demurrer, and the judgment must be reversed and the cause remanded. Inasmuch as the de-

murrer was predicated upon a mistaken construction of the statute, and no other defense to the action is possible, it is ordered that judgment be entered in favor of appellant. Costs to appellant.

Varian and McNaughton, JJ., and Adair, D. J., concur.

Givens, J., dissents.