312 P.2d 1044

STATE of Idaho, Plaintiff-Appellant,

v.

Wallace WITZEL, Defendant-Respondent.

No. 8536.

Supreme Court of Idaho.

July 1, 1957.

Graydon W. Smith, Atty. Gen., T. J. Jones, III, and Edward Aschenbrener, Asst. Attys. Gen., James W. Ingalls, Pros. Atty., Coeur d'Alene, for appellant.

Herbert Nagel, Coeur d'Alene, for respondent.

PORTER, Justice.

An information was filed in the District Court of Kootenai County charging defendant with the crime of burglary in the first degree. To such information defendant entered his plea of guilty. Thereupon the court entered its judgment that defendant was guilty of the crime of burglary in the first degree and imposed the following sentence:

"It is further ordered that you be remanded to the custody of the Sheriff of Kootenai County, Idaho, to be detained by him for delivery to the State Penitentiary at Boise, Ada County, Idaho, and there to serve at hard labor a period not to exceed fifteen (15) years at hard labor. However, the said sentence shall be and is hereby commuted to not more than five (5) years at hard labor in the State Penitentiary at Boise, Ada County, Idaho, and the time you have spent in the Kootenai County Jail since September 24, 1956, shall be applied upon said sentence herein."

Thereafter the State of Idaho moved the court to correct such judgment (Spanton v. Clapp, Idaho, 299 P.2d 1103*) "so that said judgment, when corrected, sentences the Defendant to an indeterminate term of imprisonment in the Idaho State Penitentiary of not to exceed fifteen years and which gives the Defendant no credit for the time during which he was imprisoned

* 78 Idaho 234.

in the Kootenai County jail prior to the entry of said judgment."

Such motion of the State having been presented, the trial court entered its order that such motion be denied in toto. From such order, the State has appealed to this court.

It is the theory of appellant that the trial court was without authority to commute the sentence of fifteen years in the penitentiary to five years in the penitentiary and to allow credit for the time spent in the Kootenai County jail; and that such provisions in the judgment are surplusage and without effect and that the judgment should be corrected to eliminate such provisions.

Section 19–2513, I.C., known as the Indeterminate Sentence Law, reads as follows:

"The minimum period of imprisonment in the penitentiary heretofore provided by law for the punishment of felonies, and each such minimum period of imprisonment for felonies, hereby is abolished. Whenever any person is convicted of having committed a felony, the court shall, unless it shall suspend judgment and sentence and parole offenders as provided by Chapter 26 of Title 19, Idaho Code, as amended, or unless it shall impose the death sentence as provided by law, sentence such offender to imprisonment in the penitentiary for an indeterminate period of time, but stating and fixing in such judgment and sentence the maximum term of imprisonment provided by law therefor, and judgment and sentence shall be given accordingly, and such sentence shall be known as an indeterminate sentence; provided, however, that the enactment of this act shall not affect the indictment, information, prosecution, trial, verdict, judgment, or punishment of any felonies heretofore committed, but all laws now and hitherto in effect relating thereto are continued in full force and effect as to such crimes heretofore committed."

The maximum penalty for burglary in the first degree is imprisonment in the state prison for not more than fifteen years. Section 18–1403, I.C. The court properly sentenced defendant to confinement in the state prison for a period of not more than fifteen years. The court had no other alternative unless it acted under the provisions of Section 19–2601, I.C. State v. Weise, 75 Idaho 404, 273 P.2d 97. Section 19–2601, I.C., as it existed at the time involved herein, read as follows:

"Whenever any person shall have been convicted, or enter a plea of guilty in any District Court of the State of Idaho, of or to any crime against the laws of the State, except those of treason or murder, the court may, in its discretion, commute the sentence, confine the defendant in the county jail, or if the defendant is of

proper age, in the State Industrial School, suspend the execution of the judgment, or withhold judgment on such terms and for such time as it may, at such time or at any time during the term of sentence in the county jail, prescribe and may put the defendant on probation in charge of some proper person selected and designated by the court for that purpose, and make such orders relative thereto as the Court in its sound discretion deems necessary and expedient."

Prior to 1943, Section 19-2501, I.C.A. [now Section 19-2601, I.C.], read as follows:

"Parole.—Whenever any person shall have been convicted of any crime against the laws of this state except those of treason or murder, and the defendant has never before been convicted of a felony, the court may in its discretion, *commute the sentence and confine the defendant in the county jail, or, if the defendant is of proper age, in the state industrial school,* suspend the execution of judgment or withhold judgment on such terms and for such time as it may prescribe, and, in either event, may put the defendant on probation in the charge of one of the probation officers of the juvenile court of the county in which the court is sitting or other probation officer, or of any other proper person selected and designated for that purpose." (Emphasis supplied.)

Section 19-2501, I.C.A., was amended by Chapter 14 of the 1943 Session Laws to read as follows:

"Parole.—Whenever any person shall have been convicted, *or enter a plea of guilty in any District Court of the State of Idaho, of or to* any crime against the laws of the State, except those of treason or murder * * * the court may, in its discretion, *upon application by the defendant*, commute the sentence, confine the defendant in the county jail, or * * * suspend the execution of the judgment, or withhold judgment on such terms and for such time as it may prescribe * * * and may put the defendant on probation in charge of * * * *some* proper person selected and designated *by the court* for that purpose, *and make such orders relative thereto as the Court in its sound discretion deems necessary and expedient."*

Section 19-2501, I.C.A., was again amended by Chapter 79, 1947 Session Laws and Chapter 117, 1949 Session Laws. These amendments do not change the language of such section questioned in these proceedings but go to other provisions in such statute.

Section 19-2601, I.C., does not deal with the maximum term for which a defendant

shall be sentenced to imprisonment in the state penitentiary. It is a section giving the trial court discretion to grant leniency as therein prescribed. State v. O'Dell, 71 Idaho 64, 225 P.2d 1020; State v. Mitchell, 77 Idaho 115, 289 P.2d 315. Section 19-2501, I.C.A., prior to 1943, carried the word "and" after the words "commute the sentence." The 1943 apparent amendment of such section dropped the word "and" and substituted a comma after the words "commute the sentence." Prior to 1943, the court, upon commuting the sentence of imprisonment in the state penitentiary, could sentence the defendant to a term in the county jail or confine the defendant if of proper age in the state industrial school. The statute did not provide upon the commutation of sentence for the reduction of the term of imprisonment in the state penitentiary to a lesser term and no contention is made herein that the statute as it then existed authorized such action by the trial court.

It is the contention of appellant that the deletion of the word "and" after the words "commute the sentence" and the insertion of a comma in place thereof in the 1943 amendment of the statute was done by inadvertence and clerical error and did not express the intention of the legislature; and that the alleged amendment in this respect should be disregarded by this court and the statute read in this connection as it was prior to such amendment.

Respondent contends that the 1943 amendment with which we are concerned is a proper part of Section 19-2601, I.C.; and having commuted the sentence, the trial court is not limited to confinement of defendant in the county jail or in the state industrial school if of proper age, but may reduce the maximum term of imprisonment in the state penitentiary to a lesser term.

■. This court will take judicial notice of the contents of the Journals of the Idaho Legislature. Section 9-101, I.C.; Peavy v. McCombs, 26 Idaho 143, 140 P. 965; State v. Eagleson, 32 Idaho 280, 181 P. 935; Lloyd Corporation v. Bannock County, 53 Idaho 478, 25 P.2d 217; Keenan v. Price, 68 Idaho 423, 195 P.2d 662.

House Rule No. 3 for the 1943 Legislative Session (appearing on page 21 of the Permanent House Journal for 1943 and on page 23 of the printed copies thereof) reads as follows:

"Amendatory Bills—All Bills introduced which are intended to amend existing statutes, shall have the words which are amendatory to such statute *underlined*; when the amendment is to strike out any part of an existing statute, space with *stars therein shall be provided*." (Emphasis supplied.)

■ The 1943 amendment of Section 19-2501, I.C.A., was contained in House Bill No. 16. Although the word "and" was deleted and a comma inserted in its stead

after the words "commute the sentence," no asterisk was placed instead of the word "and" nor was the comma underlined in the 1943 Session Laws or in the original enactment now on file in the office of the Secretary of State although other asterisks and underlinings were used in said Chapter 14 of the 1943 Session Laws. Although the failure to comply with the amendatory rules as provided by House Rule No. 3 of the 1943 Legislative Session is not conclusive against the validity of the amendment (Keenan v. Price, supra), it is highly persuasive that the so-called amendment was a mere inadvertence and clerical error and did not express the intention of the legislature.

■ Obvious clerical errors or misprints in the statute will be corrected or words read into a statute or omitted therefrom if the error is plainly indicated and the true meaning is obvious, in order to make the statute express the legislative intent. Keenan v. Price, supra; Frontier Milling & Elevator Co. v. Roy White Co-op. Merc. Co., 25 Idaho 478, 138 P. 825; State v. Mulkey, 6 Idaho 617, 59 P. 17; State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761; Hopson v. North American Ins. Co., 71 Idaho 461, 233 P.2d 799, 25 A.L.R. 2d 1040; Knight v. Class A School District No. 2, 76 Idaho 140, 278 P.2d 991.

The 1943 amendment, if effective, renders Section 19–2601, I.C., ambiguous as to the lesser sentence which a court may impose upon commutation of the original sentence. Such amendment as construed by respondent would make such section in conflict with the Indeterminate Sentence Law, Section 19–2513, I.C., as to the maximum term of imprisonment in the penitentiary which must be imposed by the court. Further, to hold that by such amendment the trial court is clothed with discretion unlimited by the terms of the statute to impose a lesser sentence not prescribed by the statute after commutation of sentence, would make surplusage out of those provisions in the statute providing for confinement in the county jail or in the state industrial school.

■■ We are of the opinion that Section 19–2601, I.C., should be read as it originally was enacted containing the word "and" after the words "commute the sentence" and without the insertion of a comma after such words. Under such reading of the statute the trial court was without authority to reduce the maximum period of fifteen years to five years confinement in the penitentiary; or to allow credit for the time spent in the county jail. Section 18–309, I.C.

■ The trial court sentenced defendant to a maximum period of fifteen years imprisonment and then commuted such sentence. Such action was within the power of the court. It was the lesser sentence of five years imprisonment with credit for the time spent in the county jail pronounced

by the court which was erroneous. It is evident that if the sentence be changed by striking out the erroneous lesser sentence contained in the judgment and by leaving the fifteen year sentence to stand, such sentence will then ignore the commutation of sentence and not express the true and full intent of the sentencing court. We are of the opinion that the appellant having challenged the sentence of the trial court, the entire matter of such sentence is before us and we are not limited in granting relief to what the State asks in its motion, that is, the mere striking out of the erroneous part of the sentence.

■ Furthermore, to allow the sentence of fifteen years imprisonment to stand instead of the term of five years imprisonment would infringe upon respondent's right of appeal. Respondent did not appeal from the five year term of imprisonment set out in the sentence but may have desired to appeal from a sentence of fifteen years imprisonment.

Under these circumstances, we have concluded that the erroneous lesser sentence contained in the judgment so affects the entire judgment that such judgment in whole should be vacated and respondent resentenced by the trial judge.

The order of the trial court denying the motion of appellant is reversed and the cause remanded to the trial court with directions to vacate its former judgment and to resentence the defendant; such new sentence to be consistent with the views herein expressed.

TAYLOR and McQUADE, JJ., concur.

KEETON, Chief Justice, with whom SMITH, Justice, concurs, dissenting:

This appeal presents for determination the power of the District Judge, under the provisions of Sec. 19–2601, I.C. (formerly Sec. 19–2501, I.C.A.) to commute in whole or in part the sentence to be imposed on a person who has pleaded guilty or been convicted of a crime. The District Judge did commute respondent's sentence.

Under this provision, Sec. 19–2601, the District Court is granted power, in its discretion, *to commute the sentence,* confine the defendant in the county jail, suspend the execution of the judgment, withhold the judgment, *or* place the one convicted on probation.

"Commute" as used in Sec. 19–2601, and as generally defined, means to substitute a sentence less severe than the maximum prescribed by law.

The provision of the statute is plain and unambiguous, and to read something into it, not expressly stated, is to amend it by judicial construction.

If Sec. 19–2501, I.C.A., did not grant the District Court power to lessen a penitentiary sentence from that prescribed by law, then it is clear that the Legislature intended by the amendment to change the

meaning of the statute as it formerly existed, and it must be assumed that the meaning as changed by the amendment, was intended. Effect should be given to the statute as so amended.

The Legislature clearly stated the purpose of the amendment; its meaning should not be changed by judicial construction.

When a statute is amended it carries with it the presumption that the Legislature intended the statute as amended to have a different meaning than theretofore accorded it. Union Pacific Ins. Co. v. Bakes, 57 Idaho 537, 67 P.2d 1024.

The obvious intention of a legislative enactment should prevail where the words used can be given a construction that will effectuate that intention. In re Segregation of School District #58, from Rural High School District #1, 34 Idaho 222, 200 P. 138.

Nor should the courts insert words in a statute which is plain and unambiguous and which does not need such insertion to determine the meaning. Courts in interpreting such a statute should be guided by the language used, thereby to ascertain and declare the intention of the Legislature. 50 Am.Jur., Sec. 223, p. 200; Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317; Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A.L.R. 200. It is a general rule that courts will not by construction insert words or phrases in a statute. 50 Am.Jur., Statutes, Sec. 234, p. 221, and collection of cases under note 20.

In Cabell v. City of Cottage Grove, 170 Or. 256, 130 P.2d 1013, syl. 11, 144 A.L.R. 286, the Oregon Court held that words should never be inserted into a statute unless necessary to give effect to the obvious and plain intention or meaning of the Legislature.

The majority opinion of the Court inserts the word "and" which gives the statute a meaning not shown by its terms. To say that the Legislature so intended is to usurp the powers of the Legislature and in this particular situation hold in substance that the court could have given the prisoner a jail sentence, but if he were sentenced to the penitentiary the sentence imposed would have to be the maximum of fifteen years. Such an interpretation and such insertion of a word is judicial legislation.

When the Legislature amends a prior act, there arises a presumption that some change in meaning was intended. In Boise Street Car Co. v. Ada County, 50 Idaho 304, 296 P. 1019, 1021, this Court held:

"Undoubtedly, in certain cases, the courts do have the power to read words into an act. But it is a power that should be exercised with caution, and should be indulged only when the omission is palpable and the omitted word clearly indicated by the context. Where

**220**

the omission is not plainly indicated, and the statute, as written, is not incongruous or unintelligible, and leads to no absurd results, the court is not justified in making an interpolation."

In the situation presented there is no reason to change the statute by interpolation or otherwise.

The fact that the bill as originally enacted did not contain "asterisks" or underline the word "or" when substituted for the word "and" is of no importance. Keenan v. Price, 68 Idaho 423, 195 P.2d 662, syl. 9, holds:

"The power of legislative houses to make their own rules is for orderly procedure and expedition and disposition of their business, and failure to comply with such rules does not invalidate resolutions or legislative acts."

The amended enactment contains no obvious clerical error or misprint necessitating correction by judicial interpretation or otherwise. *Where there is any reasonable doubt about the meaning of a statute, it should be construed in favor of the prisoner.*

The case should not be remanded for a new sentence. The judgment was not appealed from. The State simply asks that the commutation part of the sentence be stricken as surplusage.

If I correctly interpret the majority opinion the prisoner is to be returned to Kootenai County for resentencing, and the Court then would have the power to commute the entire penitentiary sentence to a jail sentence, or in its discretion to release the prisoner on probation.

The interpretation expressed in this dissent of Sec. 19–2601, I.C. relative to the intention of the Legislature is also fortified by Ch. 156, page 266, and Ch. 47, page 82, of the 1957 Session Laws. The Legislature has taken notice of the disparity of sentences imposed and has attempted to correct inequities by the enactment of these two chapters.

The District Judge had the power to commute the sentence. The order appealed from should be affirmed.