665 P.2d 700

STATE of Idaho, Plaintiff-Respondent,

v.

Robert A. HOWERTON,
Defendant-Appellant.

No. 13963.

Supreme Court of Idaho.

June 16, 1983.

William B. Taylor, Jr., Grangeville, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Leslie L. Goddard, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

Defendant appellant appeals from a judgment of conviction entered on his plea of guilty of voluntary manslaughter, a felony under I.C. § 18–4006(1).

An information was filed against defendant appellant, Robert Howerton, on October 23, 1980, charging him with the crime of voluntary manslaughter, I.C. § 18–4006(1), in connection with the death of a two year old child. At the arraignment hearing and after extensive questioning by the court, the defendant, represented by counsel, entered a plea of guilty to the crime charged. The court accepted the guilty plea after satisfying itself that defendant's plea was intelligently and voluntarily given. Pursuant to a plea bargain agreement, the court then dismissed, without prejudice, a kidnapping charge that was pending against the defendant in relation to the same case and ordered a presentence investigation.

Prior to the sentencing hearing, defendant filed a motion to withdraw his plea of guilty. The court heard oral arguments at a hearing held on the motion on November 18, 1980, and, at the conclusion of the hearing, denied defendant's motion to withdraw his guilty plea and subsequently sentenced him to a ten year determinate sentence. Defendant appeals, asserting as his sole issue the trial court's denial of his motion to withdraw his plea of guilty.

Whether or not to grant or deny a motion to withdraw a guilty plea is within the discretion of the trial court, and such discretion should be liberally exercised. *See State v. Turner,* 95 Idaho 206, 207, 506 P.2d 103, 104 (1973); *State v. Martinez,* 89 Idaho 129, 138, 403 P.2d 597, 603 (1965). The appellant acknowledges that the issue on appeal is whether the trial court abused its discretion in denying appellant's motion to withdraw his plea of guilty.

At the hearing held on appellant's motion to withdraw his plea, appellant's attorney maintained that appellant "had considered the matter" and was "not possessed of such a memory that he [could] recall committing any of the acts alleged in [the] information and that he [did] not feel right about the guilty plea that he previously entered." Neither the above statement nor the motion to set aside raised any facts which were not raised prior to the entry of the guilty plea and already discussed with the court at appellant's arraignment. This is evidenced by appellant's attorney's statement at the hearing on the motion to withdraw that the appellant "does not recall the incident that he's charged with and this has been his position throughout these proceedings."[1] As stated in appellant's brief on appeal, he merely "changed his mind about whether he was 'getting a better deal' by pleading guilty to the manslaughter charge ...." Appellant does not challenge the correctness of the court's original acceptance of his plea and does not deny that his plea of guilty was entered knowingly and voluntarily. The record shows that the appellant was represented by his attorney and that there had been ample time for due reflection and consideration of his plea. The district court, prior to accepting the guilty plea, conducted a careful and extensive inquiry of the appellant concerning the voluntariness of his plea and his understanding of the proceedings, including the possible sentencing consequences of pleading guilty to the voluntary manslaughter charge. The court also explained to the appellant that his plea constituted a waiver of his constitutional rights to a jury trial, to confront witnesses, and of his privilege against self incrimination. The record discloses that appellant's plea of guilty to the crime of voluntary manslaughter was voluntarily and understandingly entered. We are not persuaded that the district court abused its discretion in denying appellant's motion to withdraw his plea of guilty.

Affirmed.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.

---

1. Seeking to determine the voluntariness of defendant appellant's plea, the district court requested the defendant to take an oath and answer certain questions. The defendant was sworn in, and the following colloquy is part of the examination that ensued:

   "Q. Can you tell me what you did in this case to give rise to your plea now of guilty to the charge of voluntary manslaughter?
   "A. What I did?
   "Q. Yes.
   "A. I killed her.
   "Q. Do you have any recollection as to how you did this and when you did this and where you did this?
   "A. Not specific recollection, no.
   "Q. What can you tell me about it?

   "A. I know that I done it.
   ....
   "Q. Now, you say that you do believe that you committed this crime. Now, can you tell me where you believe that this occurred?
   "A. McCoy's Trailer Court.
   "Q. And when did this occur?
   "A. It was Halloween Night, '79.
   "Q. Can you tell me any other facts that are within your knowledge as to how this occurred?
   "A. Started out I was very drunk at a Halloween party and I got ready to leave the party and went out the back door, found her, took her down by the river and that was it. The rest of it I can't remember too clear."