702 P.2d 927

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Lewis M. PEARSON,
Defendant-Appellant.**

**No. 15461.**

Court of Appeals of Idaho.

July 8, 1985.

Keith A. Zollinger, R. Ted Israel, and Douglas Balfour, argued, Office of the Public Defender, Pocatello, on brief for defendant-appellant.

Honorable Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and A. Rene Fitzpatrick, Deputy Atty. Gen., State of Idaho, Boise, for plaintiff-respondent.

Before DONALDSON, Acting C.J., and McFADDEN and TOWLES, Acting JJ.

McFADDEN, Acting Judge, Retired.

The criminal defendant Lewis M. Pearson was initially charged with robbery, a felony which carries a potential sentence of five years to life. I.C. §§ 18–6501, –6503. Following amendment of the charge to one of aggravated battery, Pearson waived a preliminary hearing. Pursuant to a plea bargain, Pearson pleaded guilty to aggravated battery. Punishments under the applicable statutes for that crime include a maximum fine of $500 and/or imprisonment of up to fifteen years. *See* I.C. §§ 18–907 and –908 (1979).

The criminal information charging aggravated battery originally alleged that Pearson "struck ... Devere Archibald about the head and body with a crowbar, resulting in injuries to the said Devere Archibald." At the arraignment, the trial judge at first refused to accept Pearson's plea of guilty, because Pearson denied that he had

struck the victim with a crowbar and asserted instead that he had merely used his hands to defend himself from an attack by the victim. The prosecutor amended the information to allege Pearson's use of hands, rather than a crowbar, in committing the battery. The trial court questioned Pearson at length as to the occurrences leading to Pearson's arrest and as to whether the plea was validly and voluntarily given. The court then accepted the guilty plea.

Defense counsel moved, pursuant to I.C.R. 32(d), that the court order a psychological evaluation of Pearson, stating that Pearson had advised that he had spent time in five mental institutions. The court granted this motion and requested that such evaluation be made a part of the presentence investigation report.

After the presentence investigator's submission of the presentence investigation report and psychological evaluation, Pearson appeared before the court for sentencing. At this hearing, defendant Pearson requested to withdraw his guilty plea. The prosecutor objected to such withdrawal, contending that the plea had been knowingly and freely given and that Pearson should not now be allowed to take advantage of the fortuitous circumstances that the victim had become extremely ill and was therefore unable to testify. Pearson's position, on the other hand, was that he believed he had been acting in self-defense at the time the battery occurred and that therefore he was not guilty of any crime. The trial judge took testimony from Pearson and questioned him extensively. The judge then refused to allow withdrawal of the guilty plea. The court sentenced Pearson to an indeterminate term of 15 years, recommending that such sentence include a psychological evaluation and treatment in the prison medical facility. Pearson appeals.

Defendant Pearson raises the following alleged errors of the trial court for our consideration: 1) abuse of discretion in refusing to allow Pearson to withdraw his guilty plea prior to sentencing; 2) abuse of discretion in sentencing Pearson without a full and complete psychological evaluation; and 3) abuse of discretion in sentencing Pearson to an indeterminate term not to exceed 15 years.

■ As to the first assignment of error relating to the trial judge's refusal to allow Pearson to withdraw his guilty plea, we do not find an abuse of discretion. The colloquy between the court and defendant, at the time the plea was taken, demonstrates that the defendant understood the charge against him, was aware of the potential sanction which it carried, and had not been promised leniency in return for the plea. We decline to overturn the court's ruling in this regard. *See,* as to trial court's discretion in allowing withdrawal of plea, *State v. Howerton,* 105 Idaho 1, 665 P.2d 700 (1983); *State v. Howell,* 104 Idaho 393, 659 P.2d 147 (Ct.App.1983).

■ The more crucial issue before the court, in our view, relates to the inadequacy of the psychological evaluation. We agree with defendant Pearson's assertion that the evaluation, as submitted in this case, failed to fulfill the intent and spirit of the statute authorizing such evaluations. We find that the evaluation, which is part of the exhibits herein, gives merely conclusory statements to the effect that defendant is an alcoholic with an anti-social personality and violent tendencies. The evaluation does not explain upon what tests or procedures these conclusions are based. It tends to reflect only a social interview with claimant, rather than a full-scale psychological evaluation.

Pearson contends that the psychological evaluation conducted and submitted pursuant to the court's order below failed to comply with the requirements of I.C. § 19-2522(3). That statute states, in pertinent part:

"**19-2522. Examination of defendant for evidence of mental condition—Appointment of psychiatrists or licensed psychologists — Hospitalization — Reports.**— (1) If there is reason to believe the mental condition of the defendant

will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant ...

\* \* \* \* \* \*

(3) The report of the examination shall include the following:

(a) A description of the nature of the examination;

(b) A diagnosis, evaluation or prognosis of the mental condition of the defendant;

(c) An analysis of the degree of the defendant's illness or defect and level of functional impairment;

(d) A consideration of whether treatment is available for the defendant's mental condition;

(e) An analysis of the relative risks and benefits of treatment or nontreatment;

(f) A consideration of the risk of danger which the defendant may create for the public if at large.

\* \* \* "

In addition to the requirements for a psychological evaluation found in I.C. § 19–2522, the legislature has addressed the question of how mental illness should be treated in the court's sentencing decision. I.C. § 19–2523 provides:

"**19–2523. Consideration of mental illness in sentencing.**— (1) Evidence of mental condition shall be received, if offered, at the time of sentencing of any person convicted of a crime. In determining the sentence to be imposed in addition to other criteria provided by law, if the defendant's mental condition is a significant factor, the court shall consider such factors as:

(a) The extent to which the defendant is mentally ill;

(b) The degree of illness or defect and level of functional impairment;

(c) The prognosis for improvement or rehabilitation;

(d) The availability of treatment and level of care required;

(e) Any risk of danger which the defendant may create for the public, if at large, or the absence of such risk;

(f) The capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law at the time of the offense charged.

(2) The court shall authorize treatment during the period of confinement or probation specified in the sentence if, after the sentencing hearing, it concludes by clear and convincing evidence that:

(a) The defendant suffers from a severe and reliably diagnosable mental illness or defect resulting in the defendant's inability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law;

(b) Without treatment, the immediate prognosis is for major distress resulting in serious mental or physical deterioration of the defendant;

(c) Treatment is available for such illness or defect;

(d) The relative risks and benefits of treatment or nontreatment are such that a reasonable person would consent to treatment. (of the offense charged.) [Sic.]

(3) In addition to the authorization of treatment, the court shall pronounce sentence as provided by law."

■ The psychological evaluation herein is unsupported by any empirical evidence. It by no means supplies the in-depth analysis required by I.C. § 19–2522(3). We agree with the State's argument that the requesting of, and the sufficiency of, a psychological evaluation are matters which are within the trial judge's discretion, absent abuse. I.C.R. 32; *State v. Whitman*, 96 Idaho 489, 531 P.2d 579 (1975) (psychological evaluation not necessary in every case); *State v. Anderson*, 103 Idaho 622, 651 P.2d 556 (Ct.App.1982) (psychological evaluation discretionary). *See also State v. Gowin*, 97 Idaho 146, 540 P.2d 808 (1975) (presentence report not mandatory, but

when conducted, should inform the court sufficiently to allow the court to exercise its discretion in imposing punishment). Nonetheless, in a case like this one, where defendant has allegedly spent 27 of his 36 years in a mental institution and at least three years in jail, a thorough psychological evaluation, in compliance with I.C. § 19–2522, is vital. We therefore remand the case for further psychological evaluation of defendant, sufficient to provide the trial judge with information on which to make an educated, reasoned, appropriate sentencing decision.

The sentence imposed against Pearson is hereby vacated. On remand, the trial judge is instructed to order a complete evaluation of Pearson's mental condition, in compliance with I.C. § 19–2522. After considering the information available in that evaluation and any other evidence it wishes to request of the parties, the court is instructed to call defendant Pearson back into court and resentence him.

In view of our holding that the psychological evaluation herein was not sufficient, and of our vacation of Pearson's sentence, we deem the issue of whether the sentence imposed was unduly harsh to be moot.

The trial court's refusal to allow Pearson's withdrawal of his guilty plea is affirmed. The court's acceptance of the psychological evaluation is reversed, and the sentence imposed is vacated. The case is remanded for further proceedings consistent with this opinion.

DONALDSON, Acting C.J., and TOWLES, Acting J., concur.