IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37436

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | 2011 Opinion No. 5 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: February 25, 2011 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| SCOTT RICHARD HANSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order revoking probation and execution of previously suspended sentence, affirmed; order granting I.C.R. 35 motion for reduction of sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Scott Richard Hanson appeals from the district court's order revoking his probation and executing his previously suspended sentence and the order granting his Idaho Criminal Rule 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Hanson pled guilty to felony driving under the influence, Idaho Code Sections 18-8004 and 18-8005, and was sentenced to a unified term of ten years, with a minimum period of confinement of four years. However, the district court retained jurisdiction for 180 days pursuant to I.C. § 19-2601(4).[1] Following Hanson's rider, the district court suspended Hanson's

_____

[1]    The retained jurisdiction program is also commonly referred to as the "rider."

sentence and placed him on probation for four years.[2]  Hanson's terms of probation required that he refrain from consuming alcohol and that he obtain substance abuse and mental health treatment.  Approximately two months after being placed on probation, Hanson submitted to a blood alcohol concentration (BAC) test, which indicated that he had recently consumed alcohol.

A motion to revoke probation was filed, and Hanson admitted to violating his probation based on the failed BAC test.  The district court agreed to delay disposition on the probation violation and allowed Hanson to be released on his own recognizance if he agreed to obtain a prescription for Antabuse.[3]  Two months later, the state moved to revoke Hanson's release because he failed to obtain the prescription as required by the conditions of his release.  At disposition on his probation violation, Hanson stated that he was an alcoholic who drank because he was depressed.  Hanson also explained that his failure to obtain Antabuse was due to the financial difficulty caused by his drinking and the suspension of his driver's license.  The district court recognized that Hanson was depressed and determined that Hanson could not be successfully supervised within the community.  As a result, the district court revoked Hanson's probation and ordered execution of his previously suspended sentence.  Hanson requested that the court reduce his sentence under I.C.R. 35 so that he may be placed in the substance abuse treatment program while incarcerated.  The district court granted Hanson's Rule 35 motion and reduced his sentence to a unified term of ten years, with a minimum period of confinement of two years.  Hanson appeals.

## II.

## ANALYSIS

Hanson argues on appeal that the district court erred when it failed to sua sponte order a mental health examination under I.C. § 19-2524 prior to disposition of his probation violation. Hanson further asserts that the district court abused its discretion by revoking Hanson's probation, ordering execution of his sentence, and declining to further reduce his sentence under Rule 35.

---

[2]     The same district court judge presided over Hanson's sentencing hearing and his rider review hearing.  However, a different district court judge presided over Hanson's probation violation disposition.

[3]     Antabuse is a prescription drug which causes unpleasant effects when alcohol is consumed, such as headache, nausea, or vomiting.

**A.      Mental Health Examination Pursuant to I.C. § 19-2524**

Hanson contends that the district court erred when it failed to sua sponte order a mental health examination under I.C. § 19-2524. Hanson concedes that he did not object to the district court's failure to order such an examination prior to disposition of his probation violation. This Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct. App. 1997). Nevertheless, Hanson urges this Court to apply the same analysis in this case that it has used in previous cases to allow review of a district court's failure to sua sponte order a psychological examination under I.C. § 19-2522. The issue of whether a district court has erred by failing to sua sponte order an I.C. § 19-2524 mental health examination prior to disposition on a probation violation is one of first impression in Idaho.

> When a defendant has pled guilty to or been found guilty of a felony, or when a defendant who has been convicted of a felony has admitted to or been found to have committed a violation of a condition of probation, the court, prior to the sentencing hearing or the hearing on revocation of probation, *may* order the defendant to undergo a substance abuse assessment and/or a mental health examination.

I.C. § 19-2524(1) (emphasis added). The statute specifically provides that a court "may" order the defendant to submit to a mental health examination. The word "may" is permissive and denotes an exercise of discretion. *See State v. Harbaugh*, 123 Idaho 835, 837, 853 P.2d 580, 582 (1993). Thus, a court possesses discretion to order or decline to order a mental health examination prior to sentencing or at disposition pursuant to I.C. § 19-2524.

Further, the legislature's Statement of Purpose for I.C. § 19-2524 indicates that the statute broadens a court's sentencing options related to treatment for substance abuse or mental health issues and states:

> [The statute] allows a judge to order a substance abuse assessment and/or a mental health examination for certain convicted felons and felony parole violators that appear before the court. Based on the results of an assessment or examination, and if the court places the defendant on probation, a judge may order, as a condition of probation, that the defendant undergo treatment consistent with a treatment plan contained in the assessment or examination report. A treatment plan would be subject to modification by the court.

Statement of Purpose, SB 1149 (2007).

Idaho Criminal Rule 32 governs presentence investigation reports (PSI) and the psychological examinations that may be ordered along with a PSI prior to sentencing. Rule 32(a) provides that the decision to order a PSI lies within the court's discretion and, if a court declines to order a PSI in a felony case, the record must demonstrate why the investigation was not ordered. Rule 32(b) details which elements should be addressed in the PSI, including information about the defendant's health where relevant to the sentencing decision and, where appropriate, the presentence investigator's analysis and recommendation regarding a psychological examination. The rule also provides that a presentence investigator may recommend a psychological examination, but the decision as to whether to order a psychological examination lies with the sentencing court. I.C.R. 32(d).

Based on these provisions in Rule 32, Idaho courts have long held that the decision to order a psychological examination is left to the sentencing court's discretion. *State v. Wolfe*, 124 Idaho 724, 726, 864 P.2d 170, 172 (Ct. App. 1993); *State v. Puente-Gomez*, 121 Idaho 702, 705-06, 827 P.2d 715, 718-19 (Ct. App. 1992); *State v. Bylama*, 103 Idaho 472, 474, 349 P.2d 1228, 1230 (Ct. App. 1982). In *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982), this Court discussed the parameters of a psychological evaluation when performed as part of the PSI. In that case, the appellant argued that the PSI prepared in his case was deficient because it did not adequately analyze his psychological condition as required under I.C.R. 37 (the predecessor to Rule 32). Toohill did not object to the PSI at sentencing. On appeal, this Court explained the long-standing rule that issues not raised in the trial court generally may not be considered on appeal. *Id*. at 566, 650 P.2d at 708. Nevertheless, the Court recognized that the contents of a PSI have "a significant bearing upon sentencing" and concluded that manifest disregard for the provisions of Rule 32 and its predecessor would diminish the reputation of the judicial process. *Toohill*, 103 Idaho at 566, 650 P.2d at 708. As a result, this Court held that a case characterized by manifest disregard for Rule 32 may be reviewed on appeal despite the lack of objection below. *Id*.

As both the state and Hanson acknowledge, previous Idaho cases have recognized the interplay between a psychological examination contemplated under Rule 32 and a psychological examination under I.C. § 19-2522. *See State v. Jockumsen*, 148 Idaho 817, 822-23, 229 P.3d 1179, 1184-85 (Ct. App. 2010). Idaho Code Section 19-2522(1) states, in relevant part:

> If there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant.

Where a defendant failed to request a psychological examination under I.C. § 19-2522 or failed to object to the PSI on the ground that an examination had not been performed, we have allowed review when a defendant demonstrated that, by failing to order a psychological examination, the sentencing court manifestly disregarded the provisions of Rule 32. *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). Hanson urges this Court to apply this same standard to a court's failure to sua sponte order a mental health examination for purposes of his probation violation disposition under I.C. § 19-2524.

As mentioned above, Rule 32 describes the standards and procedures governing presentence investigations. Rule 32 does not require ordering a PSI prior to probation violation proceedings. By its definition, a "presentence investigation" occurs prior to sentencing. Although Rule 32 allows a court to order an additional PSI if the judge deems it necessary in considering "the disposition," an additional PSI is not mandatory under the rule, and a court is not required to provide an explanation for failing to order an additional PSI. Therefore, the absence of a court's decision whether to order a mental health examination under I.C. § 19-2524 prior to proceedings on a probation violation does not implicate Rule 32. A court could not manifestly disregard the provisions of Rule 32 by failing to order a mental health examination prior to disposition on a probation violation because the rule does not require an updated PSI or mental health evaluation for probation violation proceedings. As a result, we decline to consider Hanson's argument, raised for the first time on appeal, that the trial court should have ordered a psychological evaluation before the disposition of Hanson's probation violation. Accordingly, we will not address this issue on appeal because it was not properly preserved by an objection below.

**B.     Probation Revocation**

Hanson also argues that the district court abused its discretion when it revoked Hanson's probation and imposed sentence. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758

P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Hanson was arrested for driving with a blood alcohol level that was five times the legal limit while he was on misdemeanor probation in another case. According to the record, Hanson submitted to substance abuse treatment on at least one occasion prior to his arrest. Hanson completed a successful rider but, after just two months on probation, Hanson failed a BAC test because his blood alcohol level was twice the legal limit. The district court allowed Hanson to be released after his probation violation, but Hanson failed to obtain a prescription as required by the district court and failed to take responsibility for his actions. It appears that Hanson continued to drink after being placed on probation and had difficulty staying sober and complying with his probation terms. Therefore, the district court acted within the boundaries of its discretion and through an exercise of reason when it determined that probation was not achieving the goal of rehabilitation and that Hanson's heavy drinking posed a serious risk to society. Therefore, the district court did not abuse discretion when it revoked probation and ordered execution of Hanson's sentence.

## C.     Rule 35

Finally, Hanson contends that the district court abused its discretion when it granted his Rule 35 motion, but did not further reduce his sentence. Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *Toohill*, 103 Idaho 565, 650

P.2d 707. Since the district court later modified Hanson's sentence, pursuant to his Rule 35 motion, we will only review Hanson's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992). Hanson has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Hanson's Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979).

At disposition for his probation violation, Hanson requested that the district court reduce his underlying sentence so that he may be immediately admitted to the therapeutic substance abuse treatment program available at the penitentiary. The district court agreed and reduced Hanson's minimum period of confinement from four years to two years. On appeal, Hanson argues that the district court should have further reduced his modified sentence. Hanson has failed to show that the district court abused its discretion by failing to further reduce Hanson's sentence.

### III.

### CONCLUSION

We decline to address Hanson's contention that the district court erred by failing to sua sponte order an I.C. § 19-2524 mental health examination for purposes of his probation violation disposition because I.C.R. 32 is not implicated. The district court did not abuse its discretion by revoking Hanson's probation or declining to further reduce his sentence under I.C.R. 35. Therefore, the district court's order revoking Hanson's probation and ordering execution of his modified sentence and the district court's order granting Hanson's Rule 35 motion are affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**