**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38308**

| | | |
|---|---|---|
| **DARREL WYATT MORRIS,** | ) | **2012 Unpublished Opinion No. 488** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  May 23, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Judgment summarily dismissing post-conviction petition, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Darrel Wyatt Morris appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  Specifically, Morris argues the district court erred in denying his request for appointment of counsel because Morris raised the possibility of a valid claim.  We affirm.

**I.**

**FACTS AND PROCEDURE**

In 2008, Morris pled guilty to eluding an officer.  While awaiting sentencing, Morris committed the crime of felony driving under the influence (DUI).  He pled guilty to the felony DUI charge and the district court consolidated the two cases for purposes of sentencing.  At sentencing, the district court imposed a unified sentence of ten years, with three years determinate, for the felony DUI conviction, and a unified sentence of five years, with three years determinate, for the felony eluding an officer conviction, to be served consecutively.  Morris

1

directly appealed the judgments of conviction and sentences, which this Court affirmed in an unpublished opinion. *State v. Morris*, Docket Nos. 35541/35542 (Ct. App. May 29, 2009).

Thereafter, Morris filed a pro se petition for post-conviction relief, accompanied with a request for appointment of counsel on the ground he was indigent and unable to afford an attorney. As to the grounds for relief, Morris asserted four claims of ineffective assistance of trial counsel: (1) trial counsel did not effectively present mitigating evidence at sentencing; (2) trial counsel did not object to various issues; (3) trial counsel promised the case would be transferred to mental health court and Morris would receive probation if Morris pled guilty; and (4) Morris was under the influence of mood stabilizing medications during criminal proceedings and was unable to assist in his defense. Morris supported these assertions with an affidavit.

The district court denied the request for counsel, finding Morris's claims were so patently frivolous they could not be developed into viable claims, even with assistance of counsel, and issued a notice of its intent to dismiss. Morris responded by further elaborating on some of his claims without including any additional affidavits or other admissible evidence. He contended that trial counsel was ineffective at sentencing for failing to include evidence of his mental health, presented through his doctor as a witness and other medical records that would have contradicted the findings in the court-ordered mental health examination. Morris also alleged trial counsel was ineffective for failing to object to the admission of the mental health examination on the basis that it was administered by an Idaho Department of Health and Welfare (DHW) counselor, and not a licensed physician, during a twenty-minute jail visit. As to the last two claims, Morris asserted substantially the same facts as in the original petition without further explanation.

The district court, after considering Morris's response, concluded the claims were still patently frivolous in light of the numerous mental health records the court considered before imposing sentence. Because it cited additional grounds for dismissal, the district court gave Morris another twenty days to produce admissible evidence to support his claims. After four months with no additional response, the district court summarily dismissed Morris's petition for post-conviction relief. Morris appeals, challenging only the district court's order denying appointment of counsel.

**II.**

**DISCUSSION**

**A.    Appointment of Counsel in Post-Conviction Proceedings**

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court and on appeal. Idaho Code § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Idaho Code § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

**B.    Whether Morris Raised the Possibility of a Viable Claim**

Though Morris argued four claims in his original petition for post-conviction relief, on appeal, he asserts he alleged facts that raised the possibility of a valid claim only with respect to trial counsel's ineffective assistance at sentencing by failing to object to the admission of the mental health examination. Morris argues, first, that counsel should have objected to the examination because it failed to meet statutory requirements and, second, had counsel done so,

3

Morris would have received a greatly reduced sentence. The State argues that Morris failed to show that the mental health examination was objectionable or that he was prejudiced by the alleged ineffective assistance of counsel and, therefore, Morris did not raise the possibility of a valid claim.

In looking at whether a petitioner alleges facts that raise the possibility of a valid claim, which would support an appointment of counsel, all inferences must run in favor of the petitioner. *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 284 (2009). Whether an issue is possibly a valid claim is determined by considering if the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct further investigation into the claim. *Swader v. State*, 143 Idaho 651, 654-55, 152 P.3d 12, 15-16 (2007). "[A] pro se petitioner may be unable to present sufficient facts showing that his or her counsel's performance was deficient or that such deficiency prejudiced the defense. That showing will often require the assistance of someone trained in the law." *Id.* Thus, a court's consideration includes whether the appointment of counsel would have assisted a petitioner in conducting an investigation into facts not in the record. *Melton*, 148 Idaho at 342, 223 P.3d at 284. A question of whether the petitioner meets the "possibility of a valid claim" standard for appointment of counsel is different than a question about the potential success on the merit of the claims. *Swader*, 143 Idaho at 655, 152 P.3d at 16. The prior is a decidedly lower threshold. *Judd v. State*, 148 Idaho 22, 24, 218 P.3d 1, 3 (Ct. App. 2009).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Barcella*, 148 Idaho at 477, 224 P.3d at 544. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other

4

shortcomings capable of objective evaluation. *Id.* Even under the lower "possibility of a valid claim" standard on review of a failure to appoint counsel, we consider whether the petitioner can meet the two-part *Stickland* test where a petitioner alleges ineffective assistance of trial counsel. *See Gonzales*, 151 Idaho at 172, 254 P.3d at 73 (applying the *Strickland* test on a challenge to a denial of appointment of counsel where claims alleged ineffective assistance of counsel).

### 1.    Whether the mental health examination met statutory requirements

Morris asserts counsel should have objected to the mental health examination because the examination failed to meet the requirements of Idaho Code § 19-2522 in two ways:  (1) the mental health examination was administered by a "counselor" with the DHW, not a licensed physician; and (2) it was produced after a twenty-minute jail interview with no in-depth or sufficient analysis.  The State responds that the mental health examination was ordered pursuant to Idaho Code § 19-2524, not section 19-2522, and by the clear language in the two statutes, the section 19-2524 mental health examination does not need to meet the more stringent requirements for a psychological evaluation under section 19-2522.

This Court exercises free review over the application and construction of statutes.  *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).  Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction.  *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000).  The language of the statute is to be given its plain, obvious, and rational meaning.  *Burnight*, 132 Idaho at 659, 978 P.2d at 219.  If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation.  *Escobar*, 134 Idaho at 389, 3 P.3d at 67.  When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent.  *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001).  To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history.  *Id.*  It is incumbent upon a court to give an ambiguous statute an interpretation that will not render it a nullity.  *Id.*  Constructions of an ambiguous statute that would lead to an absurd result are disfavored.  *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

### a. Requirements for a mental health examiner under Idaho Code § 19-2524

We first address whether Morris's mental health examination required a psychiatrist or licensed psychologist. Section 19-2524, governing orders for mental health examinations and substance abuse assessments, states in relevant part: "When a defendant has pled guilty to or been found guilty of a felony, . . . the court, prior to the sentencing hearing . . . , may order the defendant to undergo a substance abuse assessment and/or a mental health examination." I.C. § 19-2524(1). Subsection (3)(b) of section 19-2524 provides the court authority to order a second examination if, after receiving an initial examination under this section, the court needs additional information to evaluate a defendant's mental health or to determine an appropriate plan of treatment. A second examination, ordered under this authority, must "be furnished by a psychiatrist, licensed physician or licensed psychologist." I.C. § 19-2524(3)(b). Section 19-2522, which governs assessments of a defendant's mental condition, states in relevant part:

> If there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant. . . . The order appointing or requesting the designation of a psychiatrist or licensed psychologist shall specify the issues to be resolved for which the examiner is appointed or designated.

I.C. § 19-2522(1).

Applying the statutes to the facts of this case, the plain language of the statutes dispels Morris's notion that his mental health examination failed to meet statutory requirements because it was not administered by a psychiatrist or licensed physician. The record shows that the district court ordered the mental health examination pursuant to section 19-2524.[1, 2] Accordingly, the

---

[1]    The district court, at one point, did mention section 19-2522, but then corrected itself, stating it was *not* ordering a psychological evaluation under section 19-2522, but rather a mental health examination under section 19-2524.

[2]    To the extent Morris argues we cannot rely on the record of the underlying criminal proceedings related to sentencing in determining whether he raises the possibility of a valid claim, we disagree. Morris is correct that the district court, in its decision not to appoint counsel, did not take judicial notice of the criminal proceedings in the underlying case. Any reliance by the district court on those proceedings, without judicial notice and based on its own recollections, was error. *Matthews v. State*, 122 Idaho 801, 807-08, 839 P.2d 1215, 1221-22 (1992). Nonetheless, the underlying criminal proceedings were judicially noticed for this appeal without objection from Morris. Even without the judicially noticed records, we can still conclude

mental health examination was only subject to the provisions of section 19-2524, and the language of that section contains no explicit requirements for the qualifications of the person conducting an initial substance abuse assessment or mental health examination. It is only if a second examination is ordered under section 19-2524 that a psychiatrist, licensed physician, or licensed psychologist must furnish the examination. I.C. § 19-2524(3)(b). In contrast, a psychological evaluation ordered under the authority in section 19-2522 must be conducted by a psychiatrist or licensed psychologist in the first instance. By their very language, the statutes provide authorization for examination/evaluation of a defendant under two different, although related, circumstances. *See State v. Hanson*, 150 Idaho 729, 732-33, 249 P.3d 1184, 1187-88 (Ct. App. 2011) (noting section 19-2524 broadened a court's sentencing options related to treatment of mental health issues, and declining to apply a section 19-2522 standard for psychological evaluation to a failure to order a section 19-2524 mental health examination). Accordingly, Morris has not established that the evaluator's credentials were inadequate under statutory requirements, and we conclude Morris does not, therefore, show any deficiency of trial counsel by failing to object to the examination on this ground.

### b. Sufficiency of the mental health examination

Next, we address whether a twenty-minute interview and resulting report was sufficient to satisfy the statutory requirements for a section 19-2524 mental health examination. Sections 19-2522(3) and 19-2524(3)(a) each list requirements of what must be contained in a report under those authorities. With the exception of one additional requirement under section 19-1524,[3] the

---

Morris's argument is without merit. In its order denying appointment of counsel, the district court simply stated Morris had not alleged or shown that the mental health examination failed to meet statutory requirements. This conclusion is correct because Morris nowhere alleges that the mental health examination was ordered pursuant to Idaho Code § 19-2522, yet his arguments all regard that section's requirements.

[3]     Idaho Code § 19-2524(3)(vii) requires an examination report to also include:

A plan of treatment if the mental health examination indicates that:
        1. The defendant suffers from a severe and reliably diagnosable mental illness or defect;
        2. Without treatment, the immediate prognosis is for major distress resulting in serious mental or physical deterioration of the defendant;
        3. Treatment is available for such illness or defect; and

7

requirements in the two sections are identical.  None of those requirements specifies a minimum length for an examination/evaluation.

On appeal, Morris relies on *State v. Pearson*, 108 Idaho 889, 891, 702 P.2d 927, 929 (Ct. App. 1985), where this Court considered the six criteria for a report listed in section 19-2522 and concluded an evaluation, ordered under that section, was insufficient where it provided only conclusory statements without explanation of the bases for the conclusions.  We characterized the requirements under section 19-2522(3) as an "in-depth analysis," used to ensure the evaluation is sufficient and contains the necessary information for a sentencing court.  *Pearson*, 108 Idaho at 891, 702 P.2d at 929; *see also State v. McFarland*, 125 Idaho 876, 881, 876 P.2d 158, 163 (Ct. App. 1994).  Even assuming that section 19-2524 likewise requires an in-depth analysis, Morris never alleged in his petition or affidavit that the report in his case lacked the requisite detail.  He complained only that it was not performed by a licensed physician and that the counselor spent only twenty minutes with him.  His current argument was not raised below. Moreover, the report, which is in the record on this appeal, is an eight-page document containing much detail about the evaluator's observations and conclusions.  Even on appeal, Morris does not specify how this report fails to comply with the *Pearson* standard such that an objection from his defense counsel could have kept it from being considered by the court at sentencing.

### 2.      Reduced sentence

Morris asserts that had counsel objected to the mental health examination, Morris's resulting sentence would have been greatly reduced.  The State argues Morris cannot show that counsel's failure to object to the mental health examination caused him prejudice because the court considered numerous other mental health records for sentencing.

Even if we were to assume Morris could establish trial counsel was deficient, Morris fails to show the outcome of sentencing would have been different.  Morris claimed he is "schizophrenic, bipolar, ADD, and manic depressant."  To establish those claims, Morris authorized the release of numerous medical records.  The trial court, for sentencing, reviewed the records from no less than six institutions.  Trial counsel was of the opinion that mental health

<hr>

4. The relative risks and benefits of treatment or nontreatment are such
that a reasonable person would consent to treatment.

would be a factor at sentencing and argued the mental health records provided support that Morris has mental health problems, beginning as an early teenager, and that "they're not insignificant." Trial counsel also argued that the mental health examination, which essentially claimed Morris made up all of his mental health issues, did not counteract the numerous medical records establishing that Morris was mentally ill. Nonetheless, the district court found that Morris's criminal behavior was more a result of substance abuse rather than mental illness and Morris had been given previous opportunities to complete substance abuse treatment without success. Our review of the medical records considered at sentencing show the district court's decision was supported by substantial evidence contained within those documents. Consequently, Morris cannot show counsel's failure to object to the mental health examination caused prejudice.

### III.

### CONCLUSION

Morris did not allege facts sufficient to show even the possibility that his mental health examination did not meet statutory requirements or that, absent the mental health examination, he would have received a greatly reduced sentence. Morris, therefore, did not raise the possibility of a valid claim of ineffective assistance of counsel and the district court did not abuse it's discretion in denying Morris's request for appointment of counsel. We affirm the district court's judgment summarily dismissing Morris's petition for post-conviction relief.

Judge LANSING and Judge MELANSON **CONCUR.**