**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 38678**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 312** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 8, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LARRY EUGENE MORRIS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Orders denying motions for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Larry Eugene Morris appeals from two post-judgment orders denying his motions for a reduction of the sentence that was imposed following his conviction for possession of a controlled substance. We affirm.

## I.

## BACKGROUND

Pursuant to a plea agreement, Morris pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and also admitted the State's allegation that he was subject to a sentence enhancement as a persistent violator, I.C. § 19-2514. On November 29, 2010, the district court imposed a unified ten-year sentence including a five-year determinate term. On January 5, 2011, Morris filed a motion under Idaho Criminal Rule 35 in which he asked the court to suspend his sentence and place him on probation. The court declined to place

1

Morris on probation, but reduced his sentence to a fixed term of four years, followed by an indeterminate term of six years. Morris appealed.

On September 1, 2011, while the appeal was pending, Morris filed a motion asking the district court to commute his sentence, suspend the execution of judgment, and place him on probation. The district court concluded that it lacked jurisdiction to commute Morris's sentence, and that even if it had jurisdiction, it would deny the motion because any further reduction of Morris's sentence would depreciate the seriousness of his crime and criminal history.

On appeal, Morris challenges both the partial denial of his Rule 35 motion, and the denial of his subsequent motion to commute and suspend his sentence.

## II.

## ANALYSIS

We first address Morris's argument that the district court abused its discretion when it partially granted his initial Rule 35 motion by reducing the fixed term of his sentence from five years to four years, but did not further reduce his sentence by placing him on probation.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Hanson*, 150 Idaho 729, 734, 249 P.3d 1184, 1189 (Ct. App. 2011). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). Since the district court later modified Morris's sentence, pursuant to his Rule 35 motion, we will review only the modified sentence for an abuse of discretion. *Hanson*, 150 Idaho at 734, 249 P.3d at 1189. Morris has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce his sentence. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979); *Hanson*, 150 Idaho at 734, 249 P.3d at 1189.

At the hearing on Morris's Rule 35 motion on February 8, 2011, Morris presented evidence that he had made positive changes in his life since the birth of his daughter in August 2010, that he had been sober since that time, and that he had the support of a social worker and

2

various family members. He also presented evidence indicating that prior to his arrest, he had provided information to the police regarding a robbery or robberies. The district court stated that it already considered mitigating evidence including Morris's changed behavior and family support at the sentencing hearing, and that a further sentence reduction was not warranted based on that evidence. However, the evidence that Morris had voluntarily provided information to the police in aid of a robbery investigation had not been presented at sentencing, and in light of the new evidence, the district court reduced the fixed portion of Morris's sentence to a term of four years.

The district court concluded that further reduction of Morris's sentence was not warranted given the specific circumstances of the crime and Morris's criminal history. Morris's conviction stemmed from an incident in which Morris ran from the police and, following a chase, was apprehended and searched, yielding the discovery of a hypodermic needle in his pocket and a baggie containing methamphetamine on the ground. Following the entry of his guilty plea, Morris admitted to the presentence investigator that he had continued to use methamphetamine and marijuana for a period of time between the entry of his plea and the date of sentencing.

Morris has an extensive criminal record spanning twenty-five years. He has been convicted of at least eight prior felonies and numerous misdemeanors including multiple counts of possession of stolen property, multiple counts of grand theft, multiple counts of theft by receiving stolen property, burglary, multiple counts of battery or aggravated battery, assault, multiple counts of driving without privileges, multiple counts of driving under the influence, multiple counts of fictitious display of registration plates, multiple counts of inattentive driving, multiple counts of eluding a police officer, and possession of drug paraphernalia. He has also been found guilty of numerous probation violations. The district court concluded that placing Morris on probation would diminish the seriousness of the crime and his criminal history, and that despite Morris's sincere efforts to begin rehabilitating himself in the previous months, incarceration was required for deterrence purposes. We cannot say that the district court abused its discretion by declining to further reduce Morris's sentence and place him on probation.

We next address Morris's argument that the district court erred in denying his subsequent motion to "commute" his sentence, suspend the sentence, and place him on probation. That motion requests a suspension of Morris's sentence, but cites to the court's commutation powers

3

set forth in Idaho Criminal Rule 33(d).[1] The district court concluded that it lacked authority to commute the sentence, and that even if it had the authority, it would deny the motion on the ground that any further reduction of Morris's sentence was not warranted. Morris now asserts that although the district court took no affirmative steps to retain jurisdiction when it imposed Morris's sentence,[2] the court nevertheless had jurisdiction to commute his sentence by terms of I.C. § 19-2601(4), which provides that upon a defendant's conviction, "[t]he court shall retain jurisdiction over the prisoner for a period of up to the first three hundred sixty-five (365) days."

Morris's argument presents an interesting issue of statutory construction concerning the effect of I.C. § 19-2601(4) when a trial court does not expressly declare its intent to retain jurisdiction, but it is an issue that we need not address in order to resolve Morris's appeal. Even if we assume, arguendo, that the district court here possessed jurisdiction under I.C. § 19-2601(4) to judicially commute or suspend Morris's sentence, it was barred from granting such relief by the terms of I.C.R. 35. A court holding jurisdiction in any case is governed and constrained by applicable procedural rules. Applicable here, was the proviso of Rule 35 that "no defendant may file more than one motion seeking a reduction of sentence under this Rule." *Id.* We have consistently held that Rule 35 precludes the filing of a second motion for reduction of sentence. *See State v. Hurst*, 151 Idaho 430, 439, 258 P.3d 950, 959 (Ct. App. 2011); *State v. Bottens*, 137 Idaho 730, 732-33, 52 P.3d 875, 877-78 (Ct. App. 2002); *State v. Atwood*, 122 Idaho 199, 200-01, 832 P.2d 1134, 1135-36 (Ct. App. 1992). Morris's second motion for modification of his

---

[1] Judicially commuting a sentence and suspending a sentence are distinct actions. To commute a sentence under I.C. § 19-2601(1) means to order that the defendant be incarcerated in the county jail instead of the state penitentiary. *Compare* I.C. § 19-2513 ("Whenever any person is convicted of having committed a felony, the court shall, unless it shall commute the sentence, suspend or withhold judgment and sentence or grant probation . . . sentence such offender to the custody of the state board of correction.") *with* § 19-2601(1) (The court, in its discretion, may "Commute the sentence and confine the defendant in the county jail, or, if the defendant is of proper age, commit the defendant to the custody of the state department of juvenile corrections."). *See also State v. Witzel*, 79 Idaho 211, 217, 312 P.2d 1044, 1048 (1957). The commutation of a sentence does not, by itself, reduce the term of the defendant's incarceration or suspend the execution of the sentence. Because the relief that Morris sought in his motion was suspension of his sentence, not service of the sentence in the county jail, the motion cannot properly be denominated a motion to commute the sentence.

[2] At the sentencing hearing, the district court stated, "I do not retain jurisdiction."

4

sentence requested that the sentence be suspended and probation granted. Although Morris styled this motion as a Rule 33(d) motion instead of a Rule 35 motion, it was in substance a successive motion for the reduction of his legal sentence and, therefore, was barred by Rule 35. Accordingly, the motion was properly denied by the district court.

## III.

## CONCLUSION

Morris has not shown that the district court abused its discretion by granting in part and denying in part his first Rule 35 motion, and Morris's second motion for reduction of his sentence was barred by I.C.R. 35. Therefore, the orders denying Morris's motions are affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**