42 P.3d 688

**Leanne CHEUNG, Claimant–Respondent,**

v.

**WASATCH ELECTRIC, Employer, and CIGNA Property & Casualty, Surety, Defendants–Appellants.**

No. 26631.

Supreme Court of Idaho.

Feb. 25, 2002.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for appellants. Glenna M. Christensen argued.

Pena Law Offices, Rupert, for respondent. Raymondo G. Pena argued.

WALTERS, Justice.

This is a worker's compensation case. Wasatch Electric and CIGNA Property and Casualty, the employer and the surety (Wasatch), appeal from the Industrial Commission's determination that injuries suffered by Wasatch's employee, Leanne Cheung, in an automobile accident arose out of and in the course of Cheung's employment. This Court affirms the Commission's decision.

## BACKGROUND

The following facts were found by the Commission. Leanne Cheung, an electrical engineer, became employed by Wasatch Electric in July of 1995. She worked as project manager at the Minidoka Dam rehabilitation project near Rupert, Idaho, and resided in Rupert. In April of 1997, the Minidoka project was winding down, and Cheung was assigned new responsibilities at the AMI project in Pocatello, some seventy miles from Rupert. Cheung thereafter worked at both projects as needed during the transition period and traveled between the two project sites in her personal vehicle. As of May 9, 1997, when she first went to work at the AMI site, she was paid in addition to her salary $100 a week for travel time and expenses and was given a company credit card to use to pay for her gas and oil to drive to and from the two job sites.

On May 12, 1997, Cheung picked up some fire-alarm equipment at the AMI site and transported it to Minidoka at about 6:00 p.m. While at the Minidoka site, she loaded a wooden stool that the AMI project engineer had requested into her car to transport to Pocatello and then went to her home for the evening. On the next morning, May 13, she drove on Interstate 86 from her home in Rupert toward Pocatello. Along the way, at about 7:30 a.m. Cheung stopped her vehicle on the shoulder, evidently to put on her sunglasses, and her automobile was struck from behind by another vehicle. Cheung's car was demolished and she suffered severe injuries including concussion, fractured vertebrae and a lacerated liver, which precluded her from returning to work until July 28, 1997, part time. She returned to full time work on October 1, 1997.

Cheung filed a complaint for worker's compensation benefits on November 7, 1997. After a hearing, the Industrial Commission issued its findings, conclusion and order holding that Cheung was a traveling employee within the exception to the coming and going rule and therefore she was entitled to worker's compensation benefits. The employer and the surety sought reconsideration of the decision. In its decision on reconsideration, the Commission explained that notwithstanding the fact that Cheung was going directly from her home to work in Pocatello on the morning of the accident, she was a traveling employee even though her travel between the two project sites was interrupt-

ed by a night's stay at home. The parties entered a stipulation of facts and an agreement to bifurcate the issues. On May 5, 2000, the Commission entered findings, conclusions and an order awarding Cheung twenty-eight percent whole man permanent partial disability.

From this final decision, the employer and the surety filed this appeal, seeking reversal of the finding that Cheung was a traveling employee and the conclusion that Cheung's injuries had arisen from and were in the course of her employment.

### ISSUES

The primary question to be addressed on this appeal is whether the Commission erred in finding Cheung to be a traveling employee and within an exemption to the rule that an employee's travel to and from the job is not covered by worker's compensation insurance. For the reasons explained, we hold that the Commission did not err. We also address whether Cheung should receive an award for attorney fees for responding to this appeal.

### STANDARD OF REVIEW

■ Whether an injury arose out of and in the course of employment is a question of fact to be decided by the Commission. *Freeman v. Twin Falls Clinic and Hosp.,* 135 Idaho 36, 13 P.3d 867 (2000); *Kessler v. Payette County,* 129 Idaho 855, 934 P.2d 28 (1997). Where there is some doubt whether the accident in question arose out of and in the course of employment, the matter will be resolved in favor of the worker. *Id.* The Commission's findings shall not be disturbed by this Court unless such findings are erroneous as a matter of law, *i.e.,* are unsupported by clear and substantial evidence. I.C. § 72–732; *Green v. Columbia Foods, Inc.,* 104 Idaho 204, 657 P.2d 1072 (1983). Substantial and competent evidence is relevant evidence that would be accepted by a reasonable mind as adequate to support a conclusion. *Berglund v. Potlatch Corp.,* 129 Idaho 752, 754, 932 P.2d 875, 877 (1996). Over the Commission's conclusions of law, the Court exercises free review. IDAHO CONST. Art. 5, § 9; *Murray–Donahue v. Nat'l Car Rental Licensee Ass'n,* 127 Idaho 337, 339–

40, 900 P.2d 1348, 1349–50 (1995). Our task on appeal is to review whether the Industrial Commission properly applied the law to the facts of the case when it concluded that Cheung's accident arose out of and in the course of her employment. *Morgan v. Columbia Helicopters, Inc.,* 118 Idaho 347, 350, 796 P.2d 1020, 1023 (1990).

### DISCUSSION

**A. Employee's status as traveling employee.**

■ Normally, an employee traveling to and from work is not within the course of employment and is not covered by worker's compensation. *Clark v. Daniel Morine Constr. Co.,* 98 Idaho 114, 559 P.2d 293 (1977). It is the claimant's burden to show by a preponderance of the evidence that the accident arose out of and in the course of employment. *Basin Land Irr. Co. v. Hat Butte Canal Co.,* 114 Idaho 121, 124, 754 P.2d 434, 437 (1988). When an employee's work requires him to travel away from the employer's place of business or his normal place of work, the employee is covered by worker's compensation. *Ridgway v. Combined Ins. Cos. Of America,* 98 Idaho 410, 411–12, 565 P.2d 1367, 1368–69 (1977). This is known as the "traveling employee" rule, adopted in Idaho in *Ridgway, supra.*

Wasatch contests the Commission's finding that Cheung was a traveling employee, insisting that she was assigned to work at both the Minidoka site and the AMI site. Wasatch argues that Cheung's work required that she report to work, either at the Minidoka site or at the AMI site, at her discretion; and that on the day of the accident, Cheung was simply on the highway, going to work, headed toward her destination, Pocatello. Wasatch asserts that Cheung's work did not require travel away from the employer's premises and accordingly did not involve an exception to the coming and going rule.

This Court has recognized that the traveling employee doctrine does not require that an employee receive travel expenses while traveling or that traveling be a part of the employee's actual duties. *Andrews v. Les*

*Bois Masonry Inc.*, 127 Idaho 65, 67, 896 P.2d 973, 975 (1995). In this case, however, those very facts were part of the total circumstances which formed the basis for the Commission's determination that Cheung was a traveling employee. Because Cheung was directed to transition out of the Minidoka project into the AMI project, the Commission determined that traveling between the two locations was a necessary part of her engineering duties and she was compensated an additional $100 per week in consideration of the travel requirements added to her job as of May 9, 1997. The Commission also found that Cheung was requested on occasion to transport small pieces of equipment and supplies between the two project locations. It has been held that the payment of travel expenses, along with other evidence indicating that the employer intended to compensate the employee for travel will justify expanding the scope of employment to include going to and coming from work. *Barker v. Fischbach & Moore, Inc.*, 105 Idaho 108, 666 P.2d 635 (1983).

■ In its reconsideration decision, the Commission stated that its decision turned on a set of facts and a standard of reasonableness, as identified in *Trapp v. Sagle Volunteer Fire Dep't*, 122 Idaho 655, 837 P.2d 781 (1992).[1] The analysis derived from *Trapp*, however, is applicable to the "special errand" exception to the coming and going rule:

> Where an employee, although not at her regular place of business, even before or after customary work hours is doing some special service or errand or the discharge of some duty of or under the direction of her employer, an injury arising out en route to or from the place of performance of the work is considered arising out of and in the course of employment.

*Dameron v. Yellowstone Trail Garage*, 54 Idaho 646, 34 P.2d 417 (1934) quoted in *Trapp* at n. 1, 122 Idaho at 655, 837 P.2d at 781. The Commission further stated, however, that it was "not inclined to deny coverage simply because Claimant's travel between

Rupert and Pocatello was interrupted by a night's stay." Any potential ambiguity as to whether the basis for the Commission's decision was the "special errand" exception or the "traveling employee" doctrine, however, was dispelled by the original decision of the Commission prior to the reconsideration motion, in which the Commission determined that the "special errand" exception was not applicable in this case.

We find in the record substantial and competent evidence that Cheung was a traveling employee. It follows also that Cheung's injuries arose out of and in the course of her employment with Wasatch. Cheung worked at the Minidoka site for Wasatch Electric from the start of her employment until May 9, 1997, when she first went to Pocatello to begin her new responsibilities at the AMI site. Cheung's job description, until the Minidoka project was completed, encompassed engineering duties at both sites and required that she travel between the job sites, at her discretion. It could be said that Cheung's "normal place of work" was Minidoka, and the need to be present there *and* at the AMI site made Cheung a traveling employee. In addition, Cheung was paid $100 a week beginning with the week of May 9, 1997, for expenses and travel time in addition to her regular salary, coinciding with her expanded scope of employment that included job duties at the Minidoka site and at the AMI site. That she was transporting a wooden stool between the two sites was but incidental to her driving to and from the sites as necessary. Moreover, the Commission's conclusion not to view a night's stay at home as an interruption of travel between sites can reasonably be interpreted in the light most favorable to support the finding of the Commission that Cheung was a traveling employee. *See Dinius v. Loving Care & More, Inc.*, 133 Idaho 572, 990 P.2d 738 (1999) (inferences and facts viewed in light most favorable to party who prevailed before the Commission). The Commission's determination will be upheld.

1. The reasonableness factors became part of the analysis necessary to evaluate the "special errand" exception to the coming and going rule in order for claimant's accident to be held to be within the course of her employment.

**B. Respondent's claim for attorney fees.**

 Respondent has requested an award of attorney fees in her reply brief, citing I.A.R. 35(a)(5). That rule relates to a request for attorney fees by an appellant. The correlative rule applicable to a respondent is I.A.R. 35(b)(5). This rule provides that "[i]f the respondent is claiming attorney fees on appeal the respondent must so indicate in the division of additional issues on appeal that respondent is claiming attorney fees *and state the basis for the claim*". (Emphasis supplied.) Here, the respondent has not stated the basis for the claim for an award of attorney fees nor has she presented any argument supported by citation of authority that would allow the award to be made. *See Weaver v. Searle Bros.,* 129 Idaho 497, 927 P.2d 887 (1996). Accordingly, the respondent's request for an award of attorneys fees is denied.

### CONCLUSION

The factual determinations of the Commission that Leanne Cheung was a traveling employee and that her injuries arose out of and in the course of her employment are supported by substantial, competent evidence and will not be disturbed. The respondent's request for an award of attorney fees on appeal is denied.

Costs to respondent. No attorney fees are awarded.

Justices SCHROEDER, KIDWELL, EISMANN and Judge McKEE, pro tem, concur.